### J. H. KYLE v. THE STATE.

#### No. 4423. Decided February 17, 1909.

##### 1.—Slander of Female—Sufficiency of the Evidence.

Where upon trial of slander of a female, the evidence was conflicting, the question was one of fact for the jury and the conviction will not be disturbed.

##### 2.—Same—Evidence—Impeachment—Extraneous Matters.

Upon trial of wilful slander of a female the court correctly rejected other slanderous statements made by defendant with reference to the female alleged to have been slandered, which were offered by defendant to lay a predicate for impeachment of the prosecuting witness, and which consisted in cross-questions to the said witness; besides these statements were unfavorable to the de-

fendant in supporting the slanderous statement for which he was being tried, and he could not complain.

**3.—Same—Charge of Court—Malicious and Wanton—Words and Phrases.**

Where upon trial for slander of a female, the court applied the statute to the facts in proof, and the requested instruction was substantially the same, and no definition of the terms wantonly and maliciously was therein requested, there was no error in the court's failure to define these terms.

Appeal from the County Court of Somervell. Tried below before the Hon. R. L. Bryan.

Appeal from a conviction of malicious slander of a female; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was prosecuted in the County Court of Somervell County, Texas, on a charge, in substance, of wilfully and wantonly imputing to one Donie Lee a want of chastity. On trial he was convicted and his punishment assessed at a fine of $100.

There is considerable conflict in the testimony. The witness Neal, in whose presence the alleged slanderous statements were made, in terms testified to the language attributed to him as stated in the information; and further stated that when charged with the offense in the presence of Mrs. Lee and her daughter Donie Lee, he admitted having used the language charged. This is also testified to by Mrs. Lee and her daughter, Donie Lee. It is distinctly denied by appellant and by his son. One witness was introduced who testified that the reputation of Neal for truth and veracity was not good, though, on cross-examination he admitted that he did not like Neal, and that he was the cause of his son having to pay a fine for defacing public property. The reputation of appellant for truth and veracity was shown by his neighbors to be good. The appellant on the stand stated that he believed Donie Lee to be a virtuous woman, and that the whole case was worked up by Neal who did not like him. Whatever might be our own opinion about the matter, the case is one essentially of fact which the jury has settled adversely to appellant and under the facts, as contained in the record, we would be utterly without just ground for interference for this reason.

1. While on the stand, counsel for appellant asked Neal certain questions with respect to other statements made by Kyle to him, ascribing improper relations between himself and Mrs. Lee and her daughters. One of these conversations was claimed to have been had with Price Carter and another with G. A. Willis. The bills of

exception are probably insufficient to raise the question since they do not show how the witness Neal would have answered the question. However, construed in connection with the bills which follow, it may be that they are sufficient. These bills show that, if permitted, appellant would have been able to prove by Willis and Carter that at the times inquired about Neal told them that sometime in March, 1908, the appellant had made the most scandalous charges agains Donie Lee, the details of which we find unnecessary to set out. It is sufficient to say that they had no relation to the particular charge on which appellant is being prosecuted, nor were they in any sense a denial or contradiction of the charges involved in this case. It was claimed that they were admissible to show that this witness had been making contradictory and different statements as to what Kyle had said about Donie Lee, and because it is shown by the testimony in this case that the conversation between the witnesses Neal, Willis and Carter occurred only a few days after Neal had been called upon by the County Attorney of Somervell County to state all he knew concerning the slanderous talk that defendant, Kyle, had uttered concerning the said Donie Lee; and further that said testimony was admissible to test the general credibility of said witness, and to show the utter disregard of the rights of appellant and his family and that it tends to prove that defendant did not make the statements attributed to him concerning the said Donie Lee. This testimony was objected to as collateral, immaterial and that same ought not to be admitted for the purpose of impeachment. We think the objection clearly tenable and that the testimony should not have been admitted. To our minds, this testimony would, if admitted, have shown rather the probability, in view of the most scandalous statements of Kyle concerning these ladies, that he made the particular one herein charged against him.

2. Complaint is made of the charge of the court for the reason, as claimed, that it was not the law of the case, was misleading and confusing, and that it was erroneous, in that it nowhere tells the jury that before they would be authorized to convict the defendant that they must believe from the evidence, beyond a reasonable doubt, that the alleged slanderous statements attributed to the defendant were maliciously and wantonly made by him at the time he so made them, and that said charge nowhere defines the terms "malicious" and "wanton." In this connection counsel for appellant had requested the court to charge the jury, as follows: "Before you can convict the defendant in this case, you must believe and find from the evidence beyond a reasonable doubt that the alleged slanderous statements made by defendant to J. J. Neal imputed to the said Donie Lee a want of chastity and the same were wantonly and maliciously made, and unless you so find you will acquit the defendant and so say by your verdict." The charge of the court complained of is in this language: "Our statute provides

that, if any person shall orally, falsely and maliciously or falsely or wantonly impute to any female in this State, married or unmarried, a want of chastity he shall be deemed guilty of slander and upon conviction shall be fined not less than one hundred nor more than one thousand dollars, and the jury may in addition thereto find a verdict for the imprisonment of defendant in the county jail not exceeding one year. Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant herein, on or about the time alleged in the information, or within two years from the time alleged in `the information or within two years from the filing of said information herein, stated to one J. J. Neal or in his presence or hearing that he (defendant) saw Donie Lee and Steve Bobo on the sand bar in White Bluff Creek talking, and that the said Steve Bobo went up a trail into the brush, and that the said Donie Lee went up another trail near by, and leading in the same direction into the brush, and that if he (defendant) had gone on he (defendant) could have caught them; that statement was falsely and maliciously or falsely or wantonly made and that the same did impute to the said Donie Lee a want of chastity, then and in such event you will convict the defendant and assess his punishment as hereinbefore instructed." It will be noted that this charge follows very closely the language of the special charge requested by counsel for appellant. If it was necessary for us to decide, in a case of this kind, that the court should instruct the jury, what is meant by the terms "wantonly" and "maliciously," a request for an instruction in which these terms were used and wherein no definition thereof was requested, would certainly be ample warrant for the court, as was done in this case, to omit any definition of them.

There is no other error complained of except that the verdict of the jury is contrary to the evidence and not sustained by it. This, as we have seen, can not be sustained.

The judgment is affirmed.

*Affirmed.*